UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Jon Page Rist,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 04-159 ADM/RLE
Civil No. 07-1185 ADM

_____

Lisa D. Kirkpatrick, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Jon Page Rist, *pro se*.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Jon Page Rist's ("Defendant") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("Motion") [Docket No. 90]. Defendant asserts claims of ineffective assistance of counsel and violation of his Sixth Amendment right to confront adverse witnesses. For the reasons set forth herein, Defendant's Motion is denied.

## II. BACKGROUND

On September 8, 2004, a jury found Defendant guilty of two counts of bank fraud in violation of 18 U.S.C. §1344 and § 1346, six counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and two counts of engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. Judgment [Docket No. 70] at 1. This Court imposed a sentence of 27 months, 5 years of supervised release, and restitution in the amount of

$131,153. Id. at 2-5. On December 19, 2005, the Eighth Circuit affirmed the conviction. See United States v. Rist, 154 Fed. Appx. 556 (8th Cir. 2005). Defendant has served his prison sentence and is currently on supervised release.

In summary, evidence adduced at trial showed that Defendant was a vice-president and a loan officer of Integrity Bank Plus ("IBP"), and that he effectively lent money to himself by lending IBP's funds to his friend, Mark Evenson ("Evenson"). Evenson forwarded the money to Risson Inc. ("Risson"), a business in which Defendant and Evenson were partners. Defendant then forwarded the money from Risson to himself, and used some of it to pay Risson's debts, which he had personally guaranteed. Defendant did not disclose to IBP that he and Evenson were business partners. Defendant also failed to disclose negative factors affecting Evenson's creditworthiness.

### III. DISCUSSION

28 U.S.C. § 2255 provides persons in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Here, the record conclusively shows that Defendant is not entitled to relief on his claims.

A.     **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance claim, a prisoner must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Defendant alleges four main grounds of ineffective assistance of counsel: (1) his trial counsel failed to adequately cross-examine certain witnesses; (2) his trial counsel failed to object to alleged prosecutorial misconduct during closing arguments; (3) his trial counsel failed to object to an off-the-record conversation the Court had with a juror; and (4) his trial and appellate counsel failed to object to judicial determination of the money loss caused by Defendant's criminal activities. Based on the record as a whole, the Court finds that none of Defendant's arguments support an ineffective assistance of counsel claim.

   1.     **Failure to Adequately Cross-Examine**

Defendant first argues his trial counsel was ineffective because she failed to adequately impeach Evenson's testimony during cross examination. Defendant contends that his trial counsel should have asked Evenson whether he had been treated by a mental health professional. However, the Government argues that Defendant's trial counsel's failure to inquire about the mental health treatment of Evenson was likely a sound strategic decision. Since the jury heard

testimony of a tragic accident involving Evenson's wife which had caused Evenson severe stress and financial difficulties, Defendant's trial counsel could have reasonably believed that questions regarding Evenson's mental health treatment would have increased sympathy for Evenson and harmed Defendant's case.  Therefore, Defendant's trial counsel's failure to ask Evenson about his mental health treatment was an objectively reasonable decision.  Moreover, there is no reasonable likelihood that the outcome of the trial would have been different had Defendant's trial counsel queried Evenson regarding his mental health.

Defendant also argues his trial counsel should have impeached Evenson with information that he was testifying against Defendant to avoid criminal charges.  However, even if Defendant's trial counsel had asked Evenson about his motives for testifying, there is no reasonable likelihood that the outcome of the trial would have been different.  An attempt to impugn Evenson's motives would have been inconsequential in light of the significant evidence presented at trial that Defendant engaged in criminal conduct.

Defendant next complains that his trial counsel "had certain evidence in her possession regarding Mr. Evenson, which would have shown he was not truthful with Mr. Rist, and would again have produced a different result."  Mem. in Supp. of § 2255 Mot. [Docket No. 91] at 6.  This vague and conclusory allegation fails as a matter of law to raise a claim of ineffective assistance of counsel.  Defendant fails to identify the evidence he believes his counsel overlooked, and how it would have affected the outcome of the trial.

Finally, Defendant argues his trial counsel provided ineffective assistance when she failed to impeach testimony of Thomas Leach ("Leach"), an IBP loan officer, with evidence that IBP liquidated part of Evenson's collateral and forwarded $22,000 in proceeds to another bank.

Id. at 4.  Defendant's theory seems to be that this evidence would have shown that Leach and IBP wanted Defendant convicted in order to increase the amount of restitution IBP received.  However, this argument is too speculative to support a finding that Defendant's counsel was ineffective for failing to pursue it.  Moreover, after reviewing the entire record of the trial proceedings, the Court finds that there is no reasonable likelihood that the outcome of the trial would have been different had the evidence of Leach's alleged bias been presented.

### 2. Failure to Object to Alleged Prosecutorial Misconduct

Defendant also argues his trial counsel's performance was deficient for failure to object to three instances of alleged prosecutorial misconduct during closing arguments.  The first instance concerns the prosecutor's summary of the testimony of Gregory Reinhart ("Reinhart"), a president of a bank.  On direct examination, the prosecutor elicited testimony from Reinhart regarding general banking principles and the Federal Deposit Insurance Corporation's ("FDIC") Regulation O, which prohibits self-dealing.  Sept. 2, 2004 Tr. [Docket No. 82] at 109-10.  On cross-examination, Defendant's trial counsel asked Reinhart whether he would characterize IBP's loans to Evenson as insider loans.  Id. at 116.  Reinhart responded:

> You got to take it one step further though, because you don't know where the money went.  I mean, yeah, Mar[]k Evenson.  It does not appear that way, but if it is to the benefit of some insider, then for Reg O purposes it absolutely is a Reg O violation.

Id.  When asked to base his answer solely on information in the IBP loan documents issued to Evenson, which did not disclose that Defendant and Evenson were business partners, Reinhart opined, "[i]t is not a Reg O issue.  It's not an insider transaction the way it is, no."  Id.

During his closing argument, the prosecutor stated that Reinhart "testified that in his mind this was definitely insider dealing by a bank officer."  Sept. 7, 2004 Tr. [Docket No. 84] at

24. Defendant contends this is prosecutorial misconduct because Reinhart never specifically opined that Defendant engaged in insider dealing. However, based on Reinhart's testimony that IBP's loans to Evenson would "absolutely" violate Regulation O if the loans benefitted an insider, the prosecutor's statement during closing argument was not improper, and therefore Defendant's trial counsel's failure to object to the challenged statement was not ineffective assistance.

Defendant's second prosecutorial misconduct argument also fails. During his closing argument, the prosecutor alleged that the $222,000 value Defendant listed as the amount of collateral for Evenson's loan notes came "out of thin air." Id. at 36. Defendant argues the record supports the $222,000 figure, and therefore the prosecutor's statement was improper. However, the prosecutor thoroughly attempted to discredit the $222,000 amount when he cross-examined Defendant. For example, at one point Defendant conceded that "not a whole lot" was collateralizing $60,000 of Evenson's indebtedness. Sept. 3, 2004 Tr. [Docket No. 83] at 96. The cross-examination of Defendant established a sufficient record to support the prosecutor's argument that the $222,000 amount came "out of thin air." Therefore, Defendant's trial counsel's performance was not deficient for failing to object. Any objection would have been overruled given the trial record.

Defendant's final allegation of prosecutorial misconduct is that the prosecutor improperly stated during closing arguments that there were multiple liens on a lathe that Evenson owned. Sept. 7, 2004 Tr. at 36. The trial record shows that the lathe was arguably used as collateral for loans issued by IBP and two other banks. Sept. 3, 2004 Tr. 74-76. Therefore, the prosecutor's comment was proper and there was no basis for an objection.

Since none of the three statements constitutes prosecutorial misconduct, Defendant's ineffective assistance claim fails to the extent it is premised on his trial counsel's failure to object to the statements. Moreover, assuming arguendo that the three statements were all somehow improper, Defendant's argument of ineffective assistance argument still fails. Defendant argued on direct appeal that the prosecutor's "insider dealing" and "thin air" statements amounted to prosecutorial misconduct. Reviewing Defendant's arguments for plain error, the Eighth Circuit concluded there was "no error that was obvious, that affected substantial rights, and that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." Rist, 154 Fed. Appx. at 558-59. Likewise, this Court finds that even if all three challenged statements were improper, there is no reasonable likelihood that the statements affected the outcome of Defendant's trial.

### 3.   Off-the-record Conversation between the Court and a Juror

Defendant next claims that immediately before opening arguments this Court engaged in a brief off-the-record discussion with an alleged seated juror that gave the juror the Court's "stamp of approval," causing other members of the jury to place special weight on the juror's opinion during jury deliberations. Mem. in Supp. of § 2255 Mot. at 3. Defendant argues his counsel's performance was ineffective for failing to object to the off-the-record conversation. Defendant's "stamp-of-approval" argument is too speculative and far-fetched to support an ineffective assistance of counsel claim. Moreover, the record shows that the individual with whom the Court had the brief conversation did not serve on the jury. See Sept. 1, 2004 Tr. [Docket No. 81] at 93, 97.

### 4. Failure to Object to Judicial Determination of Money Loss

Defendant argues that under United States v. Booker, 543 U.S. 220 (2005), his Sixth Amendment right to a jury trial was violated when this Court determined the amount of the money loss for sentencing purposes. Defendant further contends his trial and appellate counsel were ineffective for failing to raise this issue. However, the Eighth Circuit has held that after Booker "judicial factfinding is permissible at sentencing so long as the district court understands that the sentencing guidelines are advisory only." United States v. Brave Thunder, 445 F.3d 1062, 1065 (8th Cir. 2006). Therefore, Defendant has no claim under Booker, and his trial and appellate counsel were not ineffective for failing to raise such a claim.

### B. Defendant's Confrontation Clause Claim

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that "[t]estimonial statements of witnesses absent from trial" are admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." Crawford, 541 U.S. at 59; see also U.S. Const. amend. VI (stating that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him"). During his direct examination, Defendant opined that the loan transactions at issue did not constitute self-dealing. Sept. 3, 2004 Tr. at 7-9. On cross-examination, the prosecutor impeached Defendant's testimony by asking him about an FDIC report that concluded that the transactions constituted self-dealing under the FDIC's Regulation O. Id. at 62-63. Since the author of the FDIC report did not appear at trial, Defendant claims that the prosecutor's reference to the report violated his Confrontation Clause rights under Crawford.

Neither Defendant's trial counsel nor his appellate counsel raised a Confrontation Clause issue regarding the use of the FDIC report to impeach Defendant's testimony.  Since Defendant failed to raise the Confrontation Clause argument on direct appeal, the claim is procedurally defaulted unless Defendant can demonstrate either: (1) cause for the failure to raise the claim and actual prejudice resulting from the underlying constitutional violation, or (2) that he is actually innocent.  See Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000).  After having heard the evidence presented at trial, the Court finds that Defendant has no basis for a claim of actual innocence.  See Bousley v. United States, 523 U.S. 614, 623 (1998) (stating that habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him") (internal quotation marks and citations omitted).  Therefore, Defendant must demonstrate cause for his procedural default, and prejudice from the alleged violation of the Confrontation Clause.

In addition to being a free-standing claim, ineffective assistance of appellate counsel can serve as cause for a procedural default.  Becht v. United States, 403 F.3d 541 (8th Cir. 2005).  Since Defendant has specified no cause for his procedural default, the Court will consider whether ineffective assistance is cause for his procedural default.  Thus, Defendant must meet the Strickland standard for an ineffective assistance of counsel claim in order to proceed on his Confrontation Clause claim.  Assuming arguendo that the brief questioning regarding the FDIC report implicated Defendant's Confrontation Clause rights, the Court finds there is no reasonable likelihood that the questioning affected the outcome of the trial.  The report was not admitted into evidence, and the Court instructed the jury that questions of counsel are not evidence.  Further, the Government presented abundant evidence that Defendant engaged in criminal

conduct. Considering the trial record as a whole, the brief questioning regarding the FDIC report was inconsequential. Therefore, Defendant can not make the showing required by Strickland for an ineffective assistance claim, and as a result his Confrontation Clause claim must also fail.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jon Page Rist's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 90] is **DENIED**.

BY THE COURT:


       s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 7, 2007.